## USE OF STREETS BY INTERURBANS.

Common Pleas Court of Licking County.

CITY OF NEWARK v. THE OHIO ELECTRIC RAILWAY CO.

Decided, January Term, 1912.

*Franchise of an Interurban Railway—Does Not Give Right to Use Street for Unloading Freight, When.*

A franchise granting to an interurban railway company the right to run upon tracks laid in certain streets and to "transport passengers, baggage, mail, express, freight and other articles pertaining to the business of said railway company," does not give the company the right to use a portion of one of the streets so designated as a station for loading and unloading freight.

*Jones & Jones,* for plaintiff.
*Fitzgibbon & Montgomery* and *Durban & King,* contra.

SEWARD, J. (orally).

This is a suit brought to forfeit the franchise of the defendant on certain streets in this city, which was granted to the former owner of the Ohio Electric Railway Company.

The petition alleges that there has been a non-user of Church street, north of the Square, and Second street, and that they are only used for loading and unloading freight.

It is claimed that the defendant has forfeited its right to the franchise on those streets.

An injunction is asked to enjoin the company from using Church street where it is now used for loading and unloading freight. The company claims on the other hand that the right to use Church street, as it is being used, is covered by Section 4 of its franchise.

Section 4 reads as follows:

"The cars to be run upon said track shall be operated by electrical power, or other modern power, except horses or steam, and shall be used to transport passengers, baggage, mail, express, freight and other articles pertaining to the business of said railway company."

I think that means transportation, and not that the cars may stand there to load and unload. It means transportation from one point to another over the road, and I do not think gives any right to make this portion of Church street a station for loading and unloading cars.

The court does not think this demurrer is well taken, and it is overruled.